## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBIN FORSLUND, TIMOTHY KELLY, MATTHEW MENTING, DONALYN NORTH, ROBIN RECTOR, ERIC OTTENHEIMER, GAIL ROSSI and GREGORY WILLIAMS, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>R. R. DONNELLEY & SONS COMPANY,<br><br>Defendant. | Case No. 1:22-cv-04260<br><br>Judge John J. Tharp, Jr. |

## [PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

Before the Court is Plaintiffs' Robin Forslund, Timothy Kelly, Matthew Menting, Donalyn North, Robin Rector, Eric Ottenheimer, Gail Rossi, and Gregory Williams ("Plaintiffs") Unopposed Motion for Preliminary Approval of Class Action Settlement **(Doc. No. 52)** (the "Motion"), the terms of which are set forth in a Settlement Agreement between Plaintiffs and Defendant R.R. Donnelley & Sons Company ("R.R. Donnelley" or "Defendant") (together with Plaintiffs, the "Parties"), with accompanying exhibits attached as **Exhibit A** to Plaintiffs' Memorandum of Law in Support of their Motion (the "Settlement Agreement").[1]

Having fully considered the issue, the Court hereby **GRANTS** the Motion and **ORDERS** as follows:

---

[1] All defined terms in this Order Granting Preliminary Approval of Class Action Settlement ("Preliminary Approval Order") have the same meaning as set forth in the Settlement Agreement, unless otherwise indicated.

1. **Class Certification for Settlement Purposes Only**. The Settlement Agreement provides for a Settlement Class defined as follows:

All individuals to whom Defendant sent notice of the Data Incident on or around August 5, 2022.

Specifically excluded from the Settlement Class are:

(i) all Persons who timely and validly request exclusion from the Class; (ii) the Judge assigned to evaluate the fairness of this Settlement; and (iii) any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Incident or who pleads *nolo contendere* to any such charge.

Pursuant to Federal Rules of Civil Procedure 23(e)(1), the Court finds that giving notice is justified. The Court finds that it will likely be able to approve the Settlement Agreement as fair, reasonable, and adequate. The Court also finds that it will likely be able to certify the Settlement Class for purposes of judgment on the Settlement because it meets all of the requirements of Rule 23(a) and the requirements of Rule 23(b)(3). Specifically, the Court finds for settlement purposes that: (a) the Settlement Class is so numerous that joinder of all Settlement Class Members would be impracticable; (b) there are issues of law and fact that are common to the Settlement Class; (c) the claims of the Class Representatives are typical of and arise from the same operative facts and the Class Representatives seek similar relief as the claims of the Settlement Class Members; (d) the Class Representatives will fairly and adequately protect the interests of the Settlement Class as the Class Representatives have no interests antagonistic to or in conflict with the Settlement Class and have retained experienced and competent counsel to prosecute this Litigation on behalf of the Settlement Class; (e) questions of law or fact common to Settlement Class Members predominate over any questions affecting only individual members; and (f) a class action and class settlement is superior to other methods available for a fair and efficient resolution of this Litigation.

2.   **Settlement Class Representatives and Settlement Class Counsel**. The Court finds that Plaintiffs will likely satisfy the requirements of Rule 23(e)(2)(A) and should be appointed as Settlement Class Representatives. Additionally, the Court finds that Joseph M. Lyon of The Lyon Firm; Gary M. Klinger of Milberg Coleman Bryson Phillips Grossman, PLLC; and Raina Borrelli of Turke & Strauss, LLP, will likely satisfy the requirements of Rule 23(e)(2)(A) and should be appointed as Settlement Class Counsel pursuant to Rule 23(g)(1).

3.   **Preliminary Settlement Approval.** Upon preliminary review, the Court finds the Settlement is fair, reasonable, and adequate to warrant providing notice of the Settlement to the Settlement Class and accordingly is preliminarily approved. In making this determination, the Court has considered the monetary and non-monetary benefits provided to the Settlement Class through the Settlement, the specific risks faced by the Settlement Class in prevailing on their claims, the good faith, arms' length negotiations between the Parties and absence of any collusion in the Settlement, the effectiveness of the proposed method for distributing relief to the Settlement Class, the proposed manner of allocating benefits to Settlement Class Members, the Settlement treats the Settlement Class Members equitably, and all of the other factors required by Rule 23 and relevant case law.

4.   **Jurisdiction.** The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) and personal jurisdiction over the Parties before it. Additionally, venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

5.   **Final Approval Hearing**. A Final Approval Hearing shall be held on _____, 202___, at [ADDRESS], where the Court will determine, among other things, whether: (a) this Litigation should be finally certified as a class action for settlement purposes pursuant to Fed. R. Civ. P. 23(a) and (b)(3); (b) the Settlement should be approved as

3

fair, reasonable, and adequate, and finally approved pursuant to Fed. R. Civ. P. 23(e); (c) this Litigation should be dismissed with prejudice pursuant to the terms of the Settlement Agreement; (d) Settlement Class Members (who have not timely and validly excluded themselves from the Settlement) should be bound by the releases set forth in the Settlement Agreement; (e) the application of Settlement Class Counsel for an award of Attorneys' Fees, Costs, and Expenses should be approved pursuant to Fed. R. Civ. P. 23(h); and (f) the application of the Settlement Class Representatives for a Service Award should be approved.

6.      **Claims Administrator**. The Court appoints Kroll Settlement Administration as the Claims Administrator, with responsibility for Notice and Settlement Administration. The Claims Administrator is directed to perform all tasks the Settlement Agreement requires. The Claims Administrator's fees will be paid pursuant to the terms of the Settlement Agreement.

7.      **Notice**. The proposed Notice program set forth in the Settlement Agreement and the Notices and Claim Form attached to the Settlement Agreement as **Exhibits A, B, and D** are hereby approved. Non-material modifications to these Exhibits may be made by the Claims Administrator in consultation and agreement with the Parties, and without further order of the Court.

8.      **Findings Concerning Notice**. The Court finds that the proposed form, content, and method of giving Notice to the Settlement Class as described in the Notice program and the Settlement Agreement and its Exhibits: (a) will constitute the best practicable notice to the Settlement Class; (b) are reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Litigation, the terms of the Settlement, and their rights under the Settlement, including, but not limited to, their rights to object to or exclude themselves from the Settlement, and other rights under the terms of the Settlement Agreement; (c) are

reasonable and constitute due, adequate, and sufficient notice to all Settlement Class Members and other persons entitled to receive notice; (d) meet all applicable requirements of law, including Federal Rule of Civil Procedure 23(c); and (e) and meet the requirements of the Due Process Clause(s) of the United States and Illinois Constitutions. The Court further finds that the Notice provided for in the Settlement Agreement is written in plain language, uses simple terminology, and is designed to be readily understandable by Settlement Class Members.

The Claims Administrator is directed to carry out the Notice program in conformance with the Settlement Agreement.

9. **Class Action Fairness Act Notice**. Within ten (10) days after the filing of the Settlement Agreement with the Court, the Claims Administrator acting on behalf of Defendant, shall have served or caused to be served a notice of the Settlement on appropriate officials in accordance with the requirements under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715(b).

10. **Exclusion from Class**. Any Settlement Class Member who wishes to be excluded from the Settlement Class must individually sign and timely submit written notice of such intent to the designated Post Office box established by the Claims Administrator in the manner provided in the Notice. The written notice must clearly manifest a Person's intent to be excluded from the Settlement Class. To be effective, such requests for exclusion must be postmarked no later than the Opt-Out Date, which is no later than sixty (60) days from the date on which the Notice program commences, and as stated in the Notice.

Within seven (7) days of the Opt-Out Date, the Claims Administrator shall promptly furnish to Class Counsel and to Defendant's counsel a complete list of all timely and valid requests for exclusion (the "Opt-Out List").

If a Final Order and Judgment is entered, all Persons falling within the definition of the Settlement Class who do not timely request to be excluded from the Settlement Class shall be bound by the terms of the Settlement Agreement and the Final Order and Judgment. All Persons who submit valid and timely notices of their intent to be excluded from the Settlement Class shall not receive any cash benefits of and/or be bound by the terms of the Settlement Agreement.

11. **Objections and Appearances**. A Settlement Class Member (who does not submit a timely written request for exclusion) desiring to object to the Settlement Agreement may submit a timely written notice of his or her objection by the Objection Date and as stated in the Notice. The Long Notice shall instruct Settlement Class Members who wish to object to the Settlement Agreement to file their objections with the Court and with copies mailed or hand-delivered to Class Counsel and Defendant's counsel. The Notice shall advise Settlement Class Members of the deadline for submission of any objections—the "Objection Date." Any such notices of an intent to object to the Settlement Agreement must be written and must include all of the following: (i) the objector's full name, address, telephone number, and e-mail address (if any); (ii) the case name and docket number, *Forslund, et al. v. R.R. Donnelley & Sons Co.*, Case No. 1:22-cv-04260; (iii) information identifying the objector as a Class Member, including proof that the objector is a member of the Class (*e.g.*, copy of the objector's Settlement Notice, copy of original notice of the Data Incident, or a statement explaining why the objector believes they are a Class Member); (iv) a written statement of all grounds for the objection, accompanied by any legal support for the objection the objector believes applicable; (v) the identity of any and all counsel representing the objector in connection with the objection; (vi) a statement whether the objector and/or their counsel will appear at the Final Fairness Hearing; and (vii) the objector's signature or the signature of the

objector's duly authorized attorney or other duly authorized representative (if any) representing him or her in connection with the objection.

To be timely, written notice of an objection in the appropriate form must be: (1) mailed, with a postmark date no later than the Objection Date, to Joseph M. Lyon of The Lyon Firm, as Class Counsel; and Jose Lopez, Jr., of Perkins Coie LLP, as counsel for Defendant; and (2) filed with the Court through the Court's ECF system or submitted to the Clerk of the Court for the U.S. District Court for the Northern District of Illinois (Eastern Division), no later than the Objection Date.

Any Settlement Class Member (who does not submit a timely written request for exclusion) who fails to comply with the requirements for objecting shall waive and forfeit any and all rights he or she may have to appear separately and/or to object to the Settlement Agreement, and shall be bound by all the terms of the Settlement Agreement and by all proceedings, orders, and judgments in the Litigation. The provisions stated in Section 5 of the Settlement Agreement are the exclusive means for any challenge to the Settlement Agreement. Any challenge to the Settlement Agreement, the final order approving the Settlement Agreement, or the Final Order and Judgment to be entered upon final approval shall be pursuant to appeal under the Federal Rules of Appellate Procedure and not through a collateral attack.

12. **Claims Process**. Settlement Class Counsel and Defendant have created a process for Settlement Class Members to claim benefits under the Settlement. The Court preliminarily approves this process and directs the Claims Administrator to make the Claim Form or its substantial equivalent available to Settlement Class Members in the manner specified in the Notice.

The Claims Administrator will be responsible for effectuating the Claims process. Settlement Class Members who qualify for and wish to submit a Claim Form shall do so in accordance with the requirement and procedures specified in the Notice and the Claim Form. If the Final Order and Judgment is entered, all Settlement Class Members who qualify for any benefit under the Settlement but fail to submit a Claim in accordance with the requirements and procedures specified in the Notice and the Claim Form shall be forever barred from receiving any such benefit, but will in all other respects be subject to and bound by the provisions in the Final Order and Judgment, including the releases contained therein.

13. **Termination of Settlement**. This Preliminary Approval Order shall become null and void and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing before the Court entered this Preliminary Approval Order and before they entered the Settlement Agreement, if: (a) the Court does not enter this Preliminary Approval Order; (b) Settlement is not finally approved by the Court or is terminated in accordance with the Settlement Agreement; (c) there is no Effective Date; or (d) otherwise consistent with the terms of the Settlement Agreement. In such event, (i) the Parties shall be restored to their respective positions in the Litigation and shall jointly request that all scheduled Litigation deadlines be reasonably extended by the Court so as to avoid prejudice to any Party or Party's counsel; (ii) the terms and provisions of the Settlement Agreement shall have no further force and effect with respect to the Parties and shall not be used in the Litigation or in any other proceeding for any purpose, and (iii) any judgment or order entered by the Court in accordance with the terms of the Settlement Agreement shall be treated as vacated, *nunc pro tunc.*

14. **Use of Order**. This Preliminary Approval Order shall be of no force or effect if the Final Order and Judgment is not entered or there is no Effective Date and shall not be construed

or used as an admission, concession, or declaration by or against Defendant of any fault, wrongdoing, breach, or liability. Nor shall this Preliminary Approval Order be construed or used as an admission, concession, or declaration by or against the Class Representatives or any other Settlement Class Member that his or her claims lack merit or that the relief requested is inappropriate, improper, unavailable, or as a waiver by any Party of any defense or claims they may have in this Litigation or in any other lawsuit.

15. **Continuance of Hearing**. The Court reserves the right to adjourn or continue the Final Fairness Hearing and related deadlines without further written notice to the Settlement Class. If the Court alters any of those dates or times, the revised dates and times shall be posted on the Settlement Website maintained by the Claims Administrator. The Court may approve the Settlement, with such modifications as may be agreed upon by the Parties, if appropriate, without further notice to the Settlement Class.

16. **Stay of Litigation.** All proceedings in the Litigation, other than those related to approval of the Settlement Agreement, are hereby stayed. Further, any actions brought by Settlement Class Members concerning the Released Claims are hereby enjoined and stayed pending Final Approval of the Settlement Agreement.

17. **Schedule and Deadlines**. The Court orders the following schedule of dates for the specified actions/further proceedings:

| **From Date Preliminary Approval Motion is Filed** | |
|---|---|
| CAFA Notice issued by Settlement Administrator | + 10 days |
| **From Preliminary Approval Order** | |
| Defendant provides Class Member Information to the Settlement Administrator | +7 days |
| Long and Short Notices posted on the Settlement Website | +30 days |
| Notice Date | +30 days |
| Class Counsel's Motion for Attorneys' Fees, Reimbursement of Litigation Costs and Expenses, and Class Representative Service Awards | +53 days |
| Objection Date | +90 days |
| Opt-Out Date | +90 days |
| Settlement Administrator provides Opt-Out List to the Parties' counsel | +97 days |
| Claims Deadline | +120 days |
| **Final Approval Hearing** | +135 (at minimum) from Preliminary Approval Order |
| Motion for Final Approval | -14 days |
| **From Order Granting Final Approval** | |
| | |
| Payment of Attorneys' Fees and Expenses Class Representative Service Awards | +42 days |
| Payment of Valid Claims to Settlement Class Members | +65 days |
| Settlement Website Deactivation | +180 days |

IT IS SO ORDERED, this _____ day of _____, 2023.

_____
The Honorable John J. Tharp, Jr.
United States District Judge