**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ROBIN FORSLUND, TIMOTHY KELLY, MATTHEW MENTING, DONALYN NORTH, ROBIN RECTOR, ERIC OTTENHEIMER, GAIL ROSSI, and GREGORY WILLIAMS, on behalf of themselves and all others similarly situated, | Case No. 1:22-cv-04260 |
| Plaintiffs, | Judge John J. Tharpe, Jr. |
| v. | |
| R.R. DONNELLEY & SONS COMPANY, | |
| Defendant. | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION
FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

## TABLE OF CONTENTS

I.   INTRODUCTION ................................................................................................ 1

II.   SUMMARY OF THE LITIGATION .............................................................. 2

III.  THE TERMS OF THE SETTLEMENT AGREEMENT ................................. 3

   A.  Settlement Class .................................................................................... 3

   B.  The Settlement Benefits ....................................................................... 4

      1.  Monetary Benefits for Settlement Class Members ...................... 4

      2.  Remedial Measures Attributable to the Settlement .................... 5

   C.  Notice and Claims Process ................................................................... 5

      1.  Notice ........................................................................................... 5

      2.  Claims, Objections, and Requests for Exclusion ........................ 6

   D.  Attorneys' Fees, Costs, and Service Awards ....................................... 6

IV.  ARGUMENT ................................................................................................. 7

   A.  Certification of the Settlement Class is Appropriate ........................... 7

   B.  The Settlement Should be Finally Approved as Fair, Reasonable and Adequate ............... 7

      1.  The Class Representatives and Settlement Class Counsel Have Adequately Represented the Settlement Class. ....................... 8

      2.  The Settlement was Negotiated at Arm's-Length by Vigorous Advocates, and There has been no Fraud or Collusion. ................ 10

      3.  The Settlement Provides Substantial Relief for the Class. ........... 10

         a.  The Costs, Risks, and Delay of Trial and Appeal Favor Approval of the Settlement. 10

         b.  The Method of Providing Relief is Effective. ........................... 11

         c.  The Proposed Award of Attorneys' Fees is Fair and Reasonable. ............ 12

         d.  There are No Additional Agreements Required to be Identified Under Rule 23(e)(3). 12

      4.  The Settlement Agreement Treats Class Members Equitably Relative to Each Other. 13

      5.  The Opinions of Class Counsel, Class Representatives, and Absent Settlement Class Members Favor Approval of the Settlement. ....................... 13

   C.  The Notice Plan Complied with Rule 23 and Due Process ................. 14

V.   CONCLUSION ............................................................................................. 15

# <u>TABLE OF AUTHORITIES</u>

Page(s)

Cases

*Amchem Prods. Inc. v. Windsor*,
  521 U.S. 591 (1997) ...................................................................................................... 7, 17
*Armstrong v. Bd. Of Sch. Dirs. Of Milwaukee*,
  616 F.2d 305 (7th Cir. 1980) ............................................................................................8, 11
*Armstrong*,
  616 F.3d ......................................................................................................................... 9
*Felzen v. Andreas*,
  134 F.3d 873 (7th Cir. 1998).......................................................................................... 7
*G.M. Sign, Inc. v. Finish Thompson, Inc.*,
  No. 07 C 5953, 2009 U.S. Dist. LEXIS 73869 (N.D. Ill. Aug. 20, 2009) ................................11
*Hammond v. The Bank of N.Y. Mellon Corp.*,
  No. 08 Civ. 6060(RMB)(RLE), 2010 WL 2643307 (S.D.N.Y. June 25, 2010) ....................... 14
*In re AT & T Mobility Wireless Data Servs. Sales Litig.*,
  270 F.R.D. 330 (N.D. Ill. 2010) .............................................................................. 8, 9, 13
*In re Domestic Air Transp. Antitrust Litig.*,
  148 F.R.D. 297 (N.D. Ga. 1993) ................................................................................. 16
*In re Hannaford Bros. Co. Customer Data Sec. Breach Litig.*,
  293 F.R.D. 21 (D. Me. 2013)........................................................................................... 14
*In re Mex. Money Transfer Litig.*,
  164 F. Supp. 2d 1002 (N.D. Ill. 2000)......................................................................... 17
*In re Northfield Labs., Inc. Sec. Litig.*,
  No. 06 C 1493, 2012 WL 366852 (N.D. Ill. Jan. 31, 2012) ...................................................... 9
*In re Sears, Roebuck & Co. Front-loading Washer Prods. Liab. Litig.*
  No. 06 C 7023, 2016 WL 772785 (N.D. Ill. Feb. 29, 2016) .................................................... 10
*Isby v. Bayh*,
  75 F.3d 1191 (7th Cir. 1996) ........................................................................................ 8
*Karpilovsky v. All Web Leads, Inc.*,
  No. 17 C 1307, 2018 U.S. Dist. LEXIS 105259 (N.D. Ill. June 25, 2018)............................. 12
*Linnear v. Illinicare Health Plan*, Civil Action,
  No. 1:17-cv-07132, 2019 U.S. Dist. LEXIS 239825 (N.D. Ill. Dec. 17, 2019)....................... 17
*Synfuel Techs, Inc. v. DHL Express (USA), Inc.*,
  463 F.3d 646 (7th Cir. 2006) ........................................................................................ 13
*Wright v. Nationwide Mortg. LLC,*,
  2016 WL 4505169 .......................................................................................................... 14

Rules

Fed. R. Civ. P. § 23...........................................................................................................17, 18
Fed. R. Civ. P. § 23(a) ..................................................................................................... 7
Fed. R. Civ. P. § 23(a)(1)-(4), (b)(3) ............................................................................. 7

Fed. R. Civ. P. § 23(b) ............................................................................................... 7
Fed. R. Civ. P. § 23(c)(2)(B) ..................................................................................... 17
Fed. R. Civ. P. § 23(c)(2)(C)(iii) ............................................................................... 15
Fed. R. Civ. P. § 23(e) ...................................................................................... 2, 8, 16
Fed. R. Civ. P. § 23(e)(2) ................................................................................... 10, 14
Fed. R. Civ. P. § 23(e)(2)(C)(ii) ............................................................................... 14
Fed. R. Civ. P. § 23(e)(2)(D) ..................................................................................... 16
Fed. R. Civ. P. § 23(e)(3) ................................................................................... 10, 15

## I.     __INTRODUCTION__

The present case stems from a ransomware cyber-attack (the "Data Incident") that allegedly compromised the personal and private identifying information of approximately 81,642 current and former employees of Defendant R.R. Donnelley & Sons Company ("Defendant" or "RRD"), including Plaintiffs Robin Forslund, Timothy Kelly, Matthew Menting, Donalyn North, Robin Rector, Eric Ottenheimer, Gail Rossi, and Gregory Williams (collectively, "Plaintiffs"). Plaintiffs brought this action on behalf of themselves and the Settlement Class (defined below), alleging Defendant failed to adequately safeguard their personal and private information. Defendant denies any wrongdoing and has asserted defenses to all claims.

On October 26, 2023, Plaintiffs moved for preliminary approval of the proposed class action settlement and for certification of the Settlement Class in the above captioned action ("Prelim. Approval Mot."). ECF Nos. 60-61. The Court preliminarily approved the settlement on October 31, 2023, finding that the terms of the settlement were "fair, reasonable and adequate," and that the Class should be given notice. ECF No. 64 ("Prelim. Approval Order").

Plaintiffs now move for final approval of the settlement and certification of the Settlement Class. Following preliminary approval, the Claims Administrator, Kroll Settlement Administration, conducted an extensive Court-approved Notice Program with direct notice of the settlement delivered by email to the valid email addresses in Defendant's possession, and where unavailable, via mail to the addresses in Defendant's possession.

The settlement is fair, reasonable, and adequate, and represents an excellent result for the Settlement Class. Through extensive negotiations, the Parties reached an agreement that provides for significant monetary and equitable relief for the Settlement Class. All 81,642 Settlement Class Members have the opportunity to make a claim for up to $750 in reimbursements for ordinary out-

of-pocket losses, including for up to ten hours in attested lost time (capped at $250). Every Settlement Class Member also has the opportunity to make a claim for up to $5,000 for extraordinary out-of-pocket losses. Alternatively, in lieu of making a claim for reimbursement for ordinary or extraordinary out-of-pocket losses or lost time, Settlement Class Members may claim a cash payment up to $50 from the non-reversionary common fund. Importantly, any remaining funds will be distributed pro rata to the valid claimants, no funds will revert to Defendant. Moreover, for the four years following the effective date, Defendant will maintain reasonable information security policies ("Business Practice Commitments") to be paid by Defendant separate and apart from the Settlement Fund.

If granted final approval, the settlement will resolve all claims arising out of the Data Breach and will provide Class Members with the particular relief this action was filed to obtain. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure and the Settlement Agreement, Plaintiffs respectfully request that the Court enter an Order granting final approval of the settlement and finally certifying the Settlement Class.

## II.    <u>SUMMARY OF THE LITIGATION</u>

Plaintiffs contend that on or about November 29, 2021, Defendant was the target of a ransomware cyber-attack in which an unauthorized user accessed Defendant's systems to obtain Class Members' personal information. *See* ECF No. 72, PageID 231, ¶ 2. Plaintiffs assert that, as a result of the Data Incident, an unauthorized user gained access to Defendant's current and former employees' personally identifiable information, including, but not limited to current and former employees' names and Social Security numbers ("SSN") (collectively, "PII"). *Id*.

Defendants announced the Data Incident in a Notice of Data Breach in August 2022. *Id*. ¶ 4. Shortly thereafter, three separate putative class action lawsuits were filed alleging Defendant

failed to utilize adequate measures to prevent the ransomware attack in the Northern District of Illinois: *Forslund v. R.R. Donnelley & Sons Co.*, 1:22-cv-04260; *Kelly v. R.R. Donnelley & Sons Co.*, Case No. 1:22-cv-04301; and *Menting v. R.R. Donnelley & Sons Co.*, Case No. 1:22-cv-04838. On September 15, 2022, the three cases were consolidated in the first filed case, and a Consolidated Amended Complaint ("Compl.") was filed on October 14, 2022. ECF No. 24.

Recognizing the risks of prolonged litigation, the Parties pursued informal discovery and engaged in settlement negotiations over a period of three months. Declaration of Gary M. Klinger in Support of Plaintiffs' Motion for Final Approval of Class Action Settlement ("Klinger Decl.") ¶ 3. Through the exchange of informal discovery, the Parties were able to evaluate the merits of each side's respective position. *Id.* ¶ 5. From there, the parties, through extensive negotiations, were able to obtain the present settlement agreement for which they now seek final approval. *Id.* ¶ 6. The Settlement is fair, reasonable, and adequate and the notice plan informing Settlement Class members about the Settlement satisfied due process. Final approval should be granted.

### III.   THE TERMS OF THE SETTLEMENT AGREEMENT

#### A.  Settlement Class

The settlement provides for a nationwide Settlement Class defined pursuant to the Motion for Preliminary Approval.

> **The Settlement Class:** all individuals to whom Defendant sent notice of the Data Incident on or around August 5, 2022.

> **Specifically Excluded From the Settlement Class Are:** (i) all persons who timely and validly request exclusion from the Class; (ii) the Judge assigned to evaluate the fairness of this Settlement; and (iii) any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Incident or who pleads *nolo contendere* to any such charge.

ECF No. 61-1, PageID 820.

3

### B. **The Settlement Benefits**

The settlement provides for both monetary and equitable relief.

### 1. **Monetary Benefits for Settlement Class Members**

Upon final approval of the Settlement Agreement, a non-reversionary common fund in the amount of $979,704.00 (the "Settlement Fund") will be distributed to Settlement Class Members. All Settlement Class Members shall have the opportunity to submit a Claim Form from the Settlement Fund for certain Claimed Benefits either through the Settlement Website or by hand to a designated Post Office box established by the Settlement Administrator.

Second, all Settlement Class Members who submit a Valid Claim are eligible to receive reimbursement for documented Ordinary Out-of-Pocket Losses (up to $750) and Attested Lost Time. A claim for Attested Lost Time may be submitted up to ten hours at $25 per hour, capped at $250, and included in the $750 Ordinary Out-of-Pocket Loss Cap. *Id.*, PageID 775.

Third, all Settlement Class Members who submit a Valid Claim are eligible to receive reimbursement for documented Extraordinary Out-of-Pocket Losses not to exceed $5,000 per Settlement Class Member. *Id.* Settlement Class Members may submit multiple claims, but the total of all amounts claimed may not exceed $5,000. *Id.*, PageID 776.

Alternatively, Settlement Class Members may receive a cash payment up to $50 from the non-reversionary common fund in lieu of submitting a claim for ordinary or extraordinary out-of-pocket losses, or lost time. *Id.* Any money that is left after the payments of settlement benefits, fees, expenses, costs, and any service awards shall be distributed *pro rata* to Settlement Class Members who submitted a Valid Claim. Any funds from uncashed checks will be distributed to a Court approved *cy pres* recipient, which shall be jointly recommended by the parties if and when the need arises. *Id.*, PageID 776-777. No money will revert to RRD under any circumstances.

### 2. Remedial Measures Attributable to the Settlement

In addition to the monetary benefits described above, Defendant has agreed to maintain reasonable information security policies ("Business Practice Commitments") for four years following the Effective Date. *Id.*, PageID 778. Costs incurred in implementing and maintaining the Business Practice Commitments will be paid by Defendant separate from the Settlement Fund.

### C. Notice and Claims Process

### 1. Notice

The Parties have agreed to, and the Court has appointed, Kroll Settlement Administration as the Claims Administrator. ECF No. 61-1, PageID 822. All Settlement Administration Costs will be paid out of the Settlement Fund. *Id.*, PageID 779-780. On November 30, 2023, Kroll Settlement Administration commenced the Notice Program. Declaration of Scott M. Fenwick of Kroll Settlement Administration ("Kroll Decl."), ¶ 9. The Notice Program included providing direct notice to the Settlement Class via first class mail to the addresses Defendant provided Kroll. *Id.* Prior to mailing, addresses were run through the National Change of Address database. *Id.* ¶ 6. Short Notices returned with forwarding addresses were forwarded, and those returned without a forward address were resent to any valid address found after performing a skip trace. *Id.* ¶ 11. Additionally, the Claims Administrator has provided the amended CAFA Notice to the relevant state and federal government official per the Class Action Fairness Act. *Id.* ¶ 4. Kroll estimates that the notice reached 97.9% of the Settlement Class. *Id.* ¶ 12.

Kroll also created a Settlement Website, which it will maintain and update through the Claim period, with the Long Form Notice, Short Form Notice, and Claim Form approved by the Court, along with the Settlement Agreement and any other materials agreed upon or requested by

the Court. *Id.* ¶ 8. Finally, Kroll established a toll-free telephone number for Settlement Class Members to obtain information regarding the Settlement through an Interactive Voice Response ("IVR") system and/or by being connected to a live operator. *Id.* ¶ 5. As of February 29, 2024, the IVR system has received 1,531 calls, and 97 callers have been connected to live operators. *Id.*

### 2. Claims, Objections, and Requests for Exclusion

The claims process was structured to provide all Settlement Class Members adequate time to review the terms of the Settlement Agreement, compile documents supporting their claim, and decide whether to opt-out or object. The Notice Program advised Settlement Class Members of their rights to object to or opt out of the settlement and directed Settlement Class Members to the Settlement Website for more information. Settlement Class Members were provided 90 days from the Notice Date to submit their Claim Form to the Claims Administrator, either online or by mail, and the claim deadline was February 28, 2024. Kroll Decl., ¶ 13. Kroll is continuing to review and validate claims. *Id.*, ¶ 14. The deadline to opt out or file a request for exclusion was February 28, 2024. To date, zero objections have been filed and the Claims Administrator has received 31 timely requests for exclusion. *Id.*, ¶¶ 17-18.

### D. <u>Attorneys' Fees, Costs, and Service Awards</u>

Plaintiffs previously filed their Motion for Attorneys' Fees, Costs, and Service Awards to ensure that Settlement Class Members had ample opportunity to review the requested amounts prior to deciding whether to object to or opt-out of the Settlement. Plaintiffs request 33.33% of the Settlement Fund, or $326,568, in attorneys' fees and $1,248.69 for the reimbursement of reasonable litigation expenses to be paid from the Settlement Fund according to the terms of the Settlement Agreement. *See* ECF Nos. 66, 67. Plaintiffs also request a service award for each of the Representative Plaintiffs in the amount of $3,000. Attorneys' fees, costs, expenses, and the

service awards were negotiated only after all the substantive terms of the settlement were agreed upon by the Parties.

IV.    **ARGUMENT**

    A.    **Certification of the Settlement Class is Appropriate**

This Court provisionally certified the Settlement Class for settlement purposes in its Preliminary Approval Order, finding that the Settlement Class meets the numerosity, commonality, typicality, and adequacy of representation requirements of Rule 23(a), and the predominance requirement of Rule 23(b). *See* ECF No. 64; Fed. R. Civ. P. 23(a)(1)-(4), (b)(3); *Manual for Complex Litig.* § 21.632 (4th ed. 2004); *Amchem Prods. Inc. v. Windsor*, 521 U.S. 591, 620 (1997). No developments have since arisen that would modify this conclusion. Thus, the Settlement Class should now be finally certified for settlement purposes, Gary M. Klinger, Joseph M. Lyon, and Raina Borrelli should be appointed as Settlement Class Counsel, and Plaintiffs should be appointed as Settlement Class Representatives.

    B.    **The Settlement Should be Finally Approved as Fair, Reasonable and Adequate**

As the Seventh Circuit has recognized, federal courts strongly favor settlements, particularly in class actions and other complex matters, where the inherent costs, delays, and risks of continued litigation might otherwise overwhelm any potential benefit the class could hope to obtain. *Armstrong v. Bd. Of Sch. Dirs. Of Milwaukee*, 616 F.2d 305, 312-13 (7th Cir. 1980) (citations and quotations omitted), *overruled on other grounds by Felzen v. Andreas*, 134 F.3d 873 (7th Cir. 1998); *see also Isby v. Bayh*, 75 F.3d 1191, 1196 (7th Cir. 1996) ("Federal courts naturally favor the settlement of class action litigation.").

Under Rule 23(e) of the Federal Rules of Civil Procedure, a class-action settlement may be approved if the settlement is "fair, reasonable, and adequate." *In re AT & T Mobility Wireless Data*

*Servs. Sales Litig.*, 270 F.R.D 330, 345 (N.D. Ill. 2010). "Approval of a class action settlement is a two-step process." *In re Northfield Labs., Inc. Sec. Litig.*, No. 06 C 1493, 2012 WL 366852, at *5 (N.D. Ill. Jan. 31, 2012) (citing *In re AT & T Mobility*, 270 F.R.D. at 346 (quoting *Armstrong*, 616 F.3d at 314)). "First, the court holds a preliminary, pre-notification hearing to consider whether the proposed settlement falls within a range that could be approved." *Id.* "If the court preliminarily approves the settlement, the class members are notified." *Id.*

On October 31, 2023, this Court preliminarily found the settlement to be fair, adequate, and reasonable. ECF No. 64. This Court ordered that the notice process commence, setting a final fairness hearing on March 15, 2024.

Where, as here, the proposed settlement would bind class members, it may only be finally approved after the fairness hearing and a finding that the settlement is fair, reasonable, and adequate, based on the following factors:

    (A)    the class representatives and class counsel have adequately represented the class;

    (B)    the proposal was negotiated at arm's length;

    (C)    the relief provided for the class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorneys' fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and

    (D)    the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2). Consideration of the relevant factors supports approval.

### 1. The Class Representatives and Settlement Class Counsel Have Adequately Represented the Settlement Class.

For a variety of reasons, class actions are especially well-suited to compromise. Common reasons include the duration of such cases, uncertain outcomes, and difficulties of proof. This is

supported by an "overriding public interest in favor of settlement," particularly in complex class actions. *In re Sears, Roebuck & Co. Front-loading Washer Prods. Liab. Litig.*, No. 06 C 7023, 2016 WL 772785, at *6 (N.D. Ill. Feb. 29, 2016); *Armstrong*, 616 F.2d at 313 ("In the class action context in particular, there is an overriding public interest in favor of settlement. Settlement of the complex disputes often involved in class actions minimizes the litigation expenses of both parties and also reduces the strain such litigation imposes upon already scarce judicial resources.").

Here, the Parties entered into the Settlement only after both sides were fully apprised on the facts, risks, and obstacles involved with protracted litigation. *See* Klinger Decl. ¶ 4. From the beginning of their investigation, Settlement Class Counsel conducted extensive research regarding Plaintiffs' claims, Defendant, and the Data Incident. *Id.* ¶ 3. The Parties then negotiated the material terms of a class settlement for a period of three months and finalized the full Settlement Agreement over a period of two months. *Id.* ¶ 33. As such—and considering counsel's extensive experience in data breach litigation, the Parties were able to enter into settlement negotiations with a complete understanding of the strengths and weaknesses of the case, as well as the potential value of the claims.

The adequacy of representation requirement is satisfied as to Representative Plaintiffs because Plaintiffs' interests are coextensive with—and not antagonistic to—the interests of the Settlement Class. *See G.M. Sign, Inc. v. Finish Thompson, Inc.*, No. 07 C 5953, 2009 U.S. Dist. LEXIS 73869, at *15-16 (N.D. Ill. Aug. 20, 2009). Here, as discussed *supra*, Plaintiffs' claims are aligned with that of the other Settlement Class Members. They thus have every reason to vigorously pursue the claims of the Class, as they have done to date by remaining actively involved in this matter since its inception, participating in the pre-suit litigation process, and involving themselves in the settlement process. Further, Plaintiffs retained qualified and competent counsel

with extensive experience in litigating consumer class actions, particularly privacy actions. *See, e.g., Karpilovsky v. All Web Leads, Inc*., No. 17 C 1307, 2018 U.S. Dist. LEXIS 105259, at *23 (N.D. Ill. June 25, 2018).

### 2. The Settlement was Negotiated at Arm's-Length by Vigorous Advocates, and There has been no Fraud or Collusion.

Here, the Settlement Agreement was derived from good faith, arm's-length negotiations that lasted several months. Klinger Decl. ¶ 33. There has been no fraud or collusion by any of the Parties in entering into the Settlement Agreement.

### 3. The Settlement Provides Substantial Relief for the Class.

The settlement provides for substantial relief in light of the costs, risks, and delay of trial, the effectiveness of distributing relief, and the proposed attorneys' fees. "The most important factor relevant to the fairness of a class action settlement is the first one listed: the strength of the plaintiffs' case on the merits balanced against the amount offered in the settlement." *Synfuel Techs, Inc. v. DHL Express (USA), Inc*., 463 F.3d 646, 653 (7th Cir. 2006) (internal quotes and citations omitted). Nevertheless, "[b]ecause the essence of settlement is compromise, courts should not reject a settlement solely because it does not provide a complete victory to plaintiffs." *In re AT & T Mobility Wireless Data Servs. Sales Litig*., 270 F.R.D. at 347.

Here, the settlement provides for monetary relief from a non-reversionary common fund and equitable relief in the form of specific data security enhancements designed to better protect Settlement Class Members' PII. Accordingly, the settlement benefits are fair, adequate, and reasonable.

#### a. The Costs, Risks, and Delay of Trial and Appeal Favor Approval of the Settlement.

The value achieved through the Settlement Agreement here is guaranteed, where changes of prevailing on the merits are not certain. While Plaintiffs strongly believe in the merits of their

case, they also recognize that Defendant would assert a number of potentially case-dispositive defenses, as evidenced by its motion to dismiss. *See* Docs. 32, 33. Should litigation continue, Plaintiffs would have to immediately survive the motion to dismiss that is currently pending in order to proceed with litigation. Attributable in part to their cutting-edge nature and the rapidly evolving law, data breach cases like this generally face substantial hurdles, even to survive the pleading stage. *See Hammond v. The Bank of N.Y. Mellon Corp.*, No. 08 Civ. 6060(RMB)(RLE), 2010 WL 2643307, at *1 (S.D.N.Y. June 25, 2010) (collecting data breach cases dismissed at the Rule 12(b)(6) or Rule 56 stage). Class certification is another hurdle that would have to be met— and one that has been denied in other data breach cases. *See, e.g., In re Hannaford Bros. Co. Customer Data Sec. Breach Litig.*, 293 F.R.D. 21 (D. Me. 2013). Moreover, because of the quickly evolving nature of case law pertaining to data protection, it is likely that a win by any party will result in appeals, which will further increase costs and extend the time until Plaintiffs and Class Members can have a chance at relief.

Although Plaintiffs dispute the defenses Defendant is likely to assert, it is undeniable that their likelihood of success at trial is far from certain. "In light of the potential difficulties at class certification and on the merits . . . the time and extent of protracted litigation, and the potential of recovering nothing, the relief provided to class members in the Settlement Agreement represents a reasonable compromise." *Wright*, 2016 WL 4505169, at *10.

### b. The Method of Providing Relief is Effective.

"[T]he effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims," is also a relevant factor in determining the adequacy of relief. Fed. R. Civ. P. 23(e)(2)(C)(ii). The Committee Note to the 2018 amendments to Rule 23(e)(2) says that this factor is intended to encourage courts to evaluate a proposed claims process "to ensure that it facilitates filing legitimate claims. A claims processing method should

11

deter or defeat unjustified claims, but the court should be alert to whether the claims process is unduly demanding."

This settlement provides effective class member relief in the form of cash payments and equitable relief. Cash awards will be distributed based upon information provided by claimants on their respective claim forms, which could be submitted through the Settlement Website or via a paper claim form. Kroll Decl., ¶ 14. Class Members may receive some compensation with a simple attestation, and greater compensation by providing documentary evidence. Claims will be paid within 65 days of the Effective Date. Accordingly, all Settlement Class Members will receive their awards within a reasonable amount of time. Thus, the means by which the relief will be distributed is fair, efficient, and effective.

### c. The Proposed Award of Attorneys' Fees is Fair and Reasonable.

"[T]he terms of any proposed award of attorney's fees, including timing of payment," are also factors in considering whether the relief provided to the Class in a proposed settlement is adequate. Fed. R. Civ. P. 23(c)(2)(C)(iii). Plaintiffs' counsel seeks $326,568 in attorneys' fees and $1,248.69 for the reimbursement of litigation expenses, to be paid according to the terms of the Settlement Agreement. *See* Doc. 67. This amount of fees and reimbursement of expenses is fair and reasonable, as detailed in Plaintiffs' Motion for Attorneys' Fees, Costs, and Service Awards filed on December 21, 2023.

### d. There are No Additional Agreements Required to be Identified Under Rule 23(e)(3).

There are no additional agreements required to be identified under Rule 23(e)(3). Klinger Decl. ¶ 35. Because no such additional agreements exist, this factor does not weigh in favor of or against final approval.

4.  **The Settlement Agreement Treats Class Members Equitably Relative to Each Other.**

Finally, Rule 23(e) requires that the settlement "treat[] class members equitably relative to each other." Fed. R. Civ. P. 23(e)(2)(D). Here, the proposed settlement does not improperly discriminate against any members of the Settlement Class. All Settlement Class Members will be eligible to make a claim for reimbursements for ordinary and extraordinary loss, and alternative cash payment.

Direct Notice was sent to all Settlement Class Members, and all Settlement Class Members had until January 29, 2024 to object to or exclude themselves from the settlement. And, while Plaintiffs each seek a $3,000 award for their services on behalf of the Class, this award is significantly less than the amount that any given Settlement Class Member can claim in reimbursements and thus does not create any improper motivation to settle or give rise to undue inequities across the Settlement Class.

5.  **The Opinions of Class Counsel, Class Representatives, and Absent Settlement Class Members Favor Approval of the Settlement.**

The Court should greatly consider the recommendations of counsel for the parties, given their considerable experience in this type of litigation. *See In re Domestic Air Transp. Antitrust Litig.*, 148 F.R.D. 297, 312-13 (N.D. Ga. 1993) ("In determining whether to approve a proposed settlement, the Court is entitled to rely upon the judgment of the parties' experienced counsel. '[T]he trial judge, absent fraud, collusion, or the like, should be hesitant to substitute its own judgment for that of counsel.'") (citations omitted).

Settlement Class Counsel have substantial experience prosecuting large, complex consumer class actions. Klinger Decl. ¶¶26-27. After engaging in informal discovery and

settlement negotiations, Settlement Class Counsel are confident that the settlement provides significant relief to the Settlement Class and is in their best interests. *Id.* ¶ 29. Additionally, the reaction of the Settlement Class has been positive, with no objections filed and only a handful of exclusions. This is "strong circumstantial evidence" that the settlement is fair, reasonable, and adequate and deserves final approval. *In re Mex. Money Transfer Litig.*, 164 F. Supp. 2d 1002, 1021 (N.D. Ill. 2000).

### C.  The Notice Plan Complied with Rule 23 and Due Process

Class members are entitled to the "best notice that is practicable under the circumstances" of any proposed settlement before it is finally approved by the Court. *Id*. "The notice may be by one or more of the following: United States mail, electronic means, or other appropriate means." *Id*. To comply with due process, notice must be "the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort."*Amchem Prods. v. Windsor*, 521 U.S. 591, 617 (1997). Notice must explain: (i) the action; (ii) how the class is defined; (iii) the class claims, issues, or defenses; (iv) that a class member appear through an attorney; (v) that the court will exclude from the class any member who requests it; (vi) the time and manner for requesting exclusion; and (vii) the binding effect that class judgment has on members. Fed. R. Civ. P. 23(c)(2)(B).

Having notified 97% of class members with direct notice, the notice program satisfied this prong. The parties used First Class Mail to alert class members to the settlement, a recognized notice method. *Linnear v. Illinicare Health Plan*, Civil Action No. 1:17-cv-07132, 2019 U.S. Dist. LEXIS 239825, at *5 (N.D. Ill. Dec. 17, 2019) (approving notice send to class members by first class mail). The content of the Notice provided adequately informed class members of the nature of the action, the definition of the class, the claims at issue, the ability of a class member to object

or exclude themselves, and/or enter an appearance through and attorney, and the binding effect of final approval and class judgment. The Notice utilized clear and concise language that is easy to understand and organized the Notice in a way that allowed class members to easily find any section that they may be looking for. Thus, Notice satisfied Rule 23.

V.   **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that this Court grant final approval of the settlement and certify the Settlement Class.

Dated: March 1, 2024                                Respectfully submitted,

                                                    By: /s/   *Gary M. Klinger*
                                                    Gary M. Klinger
                                                    **MILBERG COLEMAN BRYSON**
                                                    **PHILLIPS GROSSMAN, PLLC**
                                                    227 W. Monroe Street, Suite 2100
                                                    Chicago, Illinois 60606
                                                    Telephone: (866) 252-0878
                                                    gklinger@milberg.com

                                                    Joseph M. Lyon (OH Bar #76050)
                                                    **THE LYON FIRM, LLC**
                                                    2754 Erie Avenue
                                                    Cincinnati, OH 45208
                                                    Phone: (513) 381-2333
                                                    Fax: (513) 721-1178
                                                    jlyon@thelyonfirm.com

                                                    Raina C. Borrelli
                                                    **TURKE & STRAUS LLP**
                                                    613 Williamson St., Ste. 201
                                                    Madison, WI 53703
                                                    Telephone: (608) 237-1775
                                                    Facsimile: (608) 509-4423
                                                    raina@turkestrauss.com

                                                    Bryan L. Bleichner (*pro hac vice* forthcoming)
                                                    **CHESTNUT CAMBRONNE PA**
                                                    100 Washington Avenue South, Suite 1700
                                                    Minneapolis, MN 55401
                                                    Phone: (612) 339-7300

Fax: (612) 336-2940
bbleichner@chestnutcambronne.com

Terence R. Coates (*pro hac vice* forthcoming)
Jonathan T. Deters (*pro hac vice* forthcoming)
**MARKOVITS, STOCK & DEMARCO, LLC**
119 E. Court St., Ste. 530
Cincinnati, Ohio 45202
Phone: (513) 651-3700
Fax: (513) 665-0219
tcoates@msdlegal.com
jdeters@msdlegal.com

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was filed and served via the Court's electronic case filing system on March 1, 2024, on all counsel of record.

/s/ Gary M. Klinger
Gary M. Klinger

16