UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBIN FORSLUND, TIMOTHY KELLY, GEORGE LENZ JR., MATTHEW MENTING, DONALYN NORTH, ROBIN RECTOR, ERIC OTTENHEIMER, GAIL ROSSI, and GREGORY WILLIAMS, on behalf of all others similarly situated,<br><br>                  Plaintiffs,<br><br>v.<br><br>RR DONNELLEY & SONS COMPANY,<br><br>                  Defendant. | Case No. 1:22-cv-04260<br><br>Judge John J. Tharp, Jr. |

**PLAINTIFFS' JOINT MOTION FOR CY PRES DISTRIBUTION**

Plaintiffs Robin Forslund, Timothy Kelly, George Lenz Jr., Matthew Menting, Donalyn North, Robin Rector, Eric Ottenheimer, Gail Rossi, and Gregory Williams, by and through the undersigned Settlement Class Counsel, submits this Joint Motion for Cy Pres Distribution of $9,787.39 in unclaimed funds stemming from the Class Settlement in this matter to the Electronic Privacy Information Center (EPIC) as a *cy pres* recipient.

On March 15, 2024, the Court granted final approval of the Parties' class settlement of this matter. Doc. 74. The Settlement provides that any funds remaining after payment of all valid claims have been distributed and the time for cashing checks has expired will be sent to a "Court approved charitable organization as a *cy pres* distribution," and that the "Parties will jointly recommend the entity or entities to the Court that will be the recipient(s) of the *cy pres* distribution." Doc. 61-1 ("Settlement Agreement" or "S.A."), § 2.G. Here, $9,787.39 remains in the Net Settlement Fund after claim distributions. Distribution Compliance Declaration of Patrick M. Passarella Of Kroll Settlement Administration LLC ("Kroll Decl."), ¶ 13.

1

The doctrine of *cy pres* "permits a benefit to be given other than to the intended beneficiary." *Pearson v. NBTY, Inc.*, 772 F.3d 778, 784 (7thCir. 2014). A *cy pres* award can "amplify the effect of the [otherwise] modest damages in protecting consumers. A foundation that receives $10,000 can use the money to do something to minimize violations of the [statute] at issue; as a practical matter, class members each given $3.57 cannot." *Gehrich v. Chase Bank United States*, 316 F.R.D. 215, 232 (N.D. Ill. 2016) (citation omitted). The Seventh Circuit "has not articulated explicit criteria for a district court's *cy pres* distribution of residual settlement funds," and "has recognized that the court has broad discretion in identifying appropriate use of such funds." *In re Motorola Sec. Litig.*, No. 03 C 287, 2013 U.S. Dist. LEXIS 204982 at *3 (N.D. Ill. Mar. 5, 2013) (citation omitted).

Here, all valid claims have been paid pursuant to the Settlement Agreement, including *Pro Rata* Cash Payments to all Class Members who submitted Valid Claims. S.A. §2.E. At this time, all uncashed checks have been voided and interest has accrued on the Settlement Fund, leaving $9,787.39 in the Settlement Fund. Kroll Decl., ¶¶ 11-13. Pursuant to the Settlement Agreement, *cy pres* payment of the remainder of the Settlement Fund is appropriate here.

In this case, the lawsuit sought to compensate current and former employees of Defendant, their dependents, and other individuals affiliated with Defendant for the alleged compromise of their Personal Identifying Information ("PII"). S.A., pg. 1. The alleged exposure of PII came as a result of a cyber-attack Defendant experienced around November 29, 2021. *Id.* The Plaintiffs sought to vindicate the rights of consumers who are not otherwise positioned to pursue their legal rights on their own. This aligns with the goal of the Electronic Privacy Information Center (EPIC), who "advocates on behalf of Internet users for stronger data security protections and improved oversight." https://epic.org/issues/cybersecurity/ (last visited Sept. 27, 2024). EPIC is a non-profit

2

organization based in Washington D.C. that serves as a research and advocacy center. https://epic.org/about/ (last visited Sept. 27, 2024). Because EPIC has no clients, customers, or shareholders, they rely on external support to continue their mission to "secure the fundamental right to privacy in the digital age for all people through advocacy, research, and litigation." *Id.* Therefore, supporting EPIC as a *cy pres* recipient would "amplify the effect" of the already distributed damages, and the Parties' request should be granted. *Gehrich*, 316 F.R.D. at 232.

For these reasons, the Parties respectfully request that the Court approve the distribution of $9,787.39 in unclaimed funds stemming from the Class Settlement to EPIC as a *cy pres* recipient.

Dated: October 21, 2024  By: */s/ Raina C. Borrelli*
Raina C. Borrelli
Samuel J. Strauss
Brittany Resch
STRAUSS BORRELLI PLLC
One Magnificent Mile
980 N Michigan Avenue, Suite 1610
Chicago IL, 60611
Telephone: (872) 263-1100
Facsimile: (872) 263-1109
raina@straussborrelli.com
sam@straussborrelli.com
bresch@straussborrelli.com

Gary M. Klinger
MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
Telephone: (866) 252-0878
gklinger@milberg.com

Joseph M Lyon
THE LYON FIRM
2754 Erie Avenue
Cincinnati, OH 45208
Telephone: (513) 381-2333
jlyon@thelyonfirm.com

        Terence Richard Coates
        MARKOVITS, STOCK & DEMARCO, LLC
        119 E. Court Street, Suite 530
        Cincinnati, OH 45202
        Telephone: (513) 651-3700
        tcoates@msdlegal.com

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I, Raina C. Borrelli, hereby certify that on October 21, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record, below, via the ECF system.

DATED this 21st day of October, 2024.

        STRAUSS BORRELLI PLLC

    By: */s/ Raina C. Borrelli*
        Raina C. Borrelli
        raina@straussborrelli.com
        STRAUSS BORRELLI PLLC
        One Magnificent Mile
        980 N Michigan Avenue, Suite 1610
        Chicago IL, 60611
        Telephone: (872) 263-1100
        Facsimile: (872) 263-1109